UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
SHANE EDWARDS, on behalf of himself and
other similarly situated consumers,           Civil Action No.: 1:15-CV-0670
                                                                                   (LEK/TWD)
                         Plaintiff,
                                                         **CLASS ACTION**
            vs.                                                   **COMPLAINT**

                                                          **DEMAND FOR JURY TRIAL**
ENHANCED RECOVERY COMPANY, LLC,


                         Defendant.
-------------------------------------------------------------------

      Plaintiff Shane Edwards ("Plaintiff") and other similarly situated consumers, by and through their attorneys, Law Offices of Michael Lupolover, P.C., as and for their Complaint against the Defendant Enhanced Recovery Company, LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

      1.       This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff by attempting to collect an amount of collection fees that are not expressly authorized by the agreement creating the debt or permitted by New York law.

      2.       Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

1

3.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.	Plaintiff is a natural person residing in Saugerties, NY within the County of Ulster, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.	Defendant is a foreign limited liability company based in Jacksonville, FL which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant's principal place of business is located at 8014 Bayberry Rd, Jacksonville, FL 32256. Defendant's registered agent is located at C T Corporation, 1200 S. Pine Island Rd, Plantation, FL 33324.

6.	Defendant is a "debt collector" as that phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.	On information and belief, Defendant, on behalf of itself or a third-party, began collecting an alleged consumer debt from the Plaintiff originating with Verizon Wireless ("the alleged debt").

9.	The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

2

10. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Within the one (1) year preceding the filing of this complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the alleged debt.

12. On or about June 23, 2014, Defendant mailed or caused to be mailed to Plaintiff a collection or "dunning" letter via U.S. Mail in an attempt to collect the alleged debt from Plaintiff ("letter").

13. Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each constituted a "communication" as defined by FDCPA § 1692a(2).

14. Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each conveyed information regarding the alleged debt directly or indirectly to the Plaintiff.

15. Defendant's letter is a form letter that Defendant directs at hundreds, if not thousands of consumers within the State of New York.

16. Defendant's letter states, in relevant part:

> "**Principal:** $280.12
> **Collection Fees:** $50.42
> **Amount of Debt:** $330.54
> **Settlement Amount:** $198.32"

17. According to Plaintiff's April 2014 and November 2014 credit reports Verizon Wireless has reported the balance of the alleged debt as $280.00.

18. As of November 2014, the balance of the alleged debt of $280.00 on Plaintiff's credit reports was verified as accurate by Verizon Wireless.

19. The "Collection Fees" of $50.42 represents 18% of the "Principal" balance of $280.12.

20. Per the Verizon Wireless Customer Agreement with Plaintiff, "If you fail to pay on time and Verizon Wireless refers your account(s) to a third party for collection, a collection fee will be assessed and will be due at the time of the referral to the third party. The fee will be calculated at the maximum percentage permitted by applicable law, not to exceed 18%."

21. Per the Verizon Wireless Customer Agreement with Plaintiff, the amount of collection costs calculated is not a flat pre-set number or percentage.

22. Per the Verizon Wireless Customer Agreement with Plaintiff, the amount of collection costs calculated will be the maximum percentage permitted by applicable law.

23. The law applicable to the Wireless Customer Agreement with Plaintiff is New York State Law because Plaintiff is a New York resident who entered into said Agreement within the State of New York.

24. Per NY CLS Gen Oblig § 5-501, "The rate of interest, as computed pursuant to this title, upon the loan or forbearance of any money, goods, or things in action, except as provided in subdivisions five and six of this section or as otherwise provided by law, shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law." *See,* NY CLS Gen Oblig § 5-501.

25. Per NY CLS Bank § 14-a, "The maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum." *See,* NY CLS Bank § 14-a.

4

26. Per New York State Law and the Verizon Wireless Customer Agreement with Plaintiff, Defendant is legally entitled to charge up to but no more than 16% per year for collection fees on the alleged debt from New York residents.

27. Per New York State Law and the Verizon Wireless Customer Agreement with Plaintiff, Defendant cannot calculate the collection fee to be 18%.

28. The Verizon Wireless Customer Agreement only allows Defendant to charge the maximum percentage permitted by applicable law in New York State for collection fees.

29. 16% per year is the applicable law in New York State for collection fees, *See,* NY CLS Gen Oblig § 5-501 and NY CLS Bank § 14-a.

30. Defendant is not allowed to charge 18% for collection fees in New York as per the Verizon Wireless Customer Agreement and New York State Law.

31. 18% per year for collection fees was a maximum set by Verizon Wireless and not an absolute right; Per the Verizon Wireless Customer Agreement Defendant will only be able to collection fees allowable by applicable law; Within New York State the law allows only for a maximum of 16% per year.

32. The collection fees of $50.42 added by Defendant were not, in fact, authorized.

33. Defendant's attempt to collect $50.42 or 18% of the balance of the alleged debt for collection fees is not expressly authorized by the agreement creating the alleged debt.

34. Defendant's attempt to collect $50.42 or 18% of the balance of the alleged debt for collection fees is not permitted by New York law.

**CLASS ACTION ALLEGATIONS**

35. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers within the State of

New York, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. On information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

36.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action

37.     The Class is so numerous that joinder of all members is impracticable. On information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

38.     The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

39.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory

formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

40. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

41. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

42. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

43. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

44. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

45. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

46. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus

allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

47. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. Defendants' debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a. 15 U.S.C. §1692e-preface;

    b. 15 U.S.C. §1692e (2)(A);

    c. 15 U.S.C. §1692e (2)(B);

    d. 15 U.S.C. §1692e (10);

    e. 15 U.S.C. §1692f-preface;

    f. 15 U.S.C. §1692f(1).

50. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shane Edwards demands judgment from the Defendant Enhanced Recovery Company, LLC as follows:

    A. Certification of the class pursuant to Rule 23(b)(3);

   B. Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

   C. Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

   D. For attorneys' fees, costs and disbursements;

   E. For an award of pre-judgment interest on all sums awarded and/or collected;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Shane Edwards hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:   June 1, 2015

          Respectfully submitted,

         **LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

         By: /s/ Allison Polesky_____
         Allison Polesky, Esq. (AP5446)
         Law Offices of Michael Lupolover, P.C.
         120 Sylvan Ave, Suite 300
         Englewood Cliffs, NJ 07632
         Phone: 201-461-0059
         Facsimile: 201-608-7116
         Email: allison@lupoloverlaw.com
         Attorney for the Plaintiff Shane Edwards